IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUIS BELTRAN FLORES,<br><br>    Plaintiff,<br><br>  v.<br><br>PREDCO SERVICES CORP., et al.,<br><br>    Defendants. | Civil No. 10-1320 RMB/AMD<br><br>OPINION |

**Appearances:**

James A. Barry, Esquire
Dubois, Sheehan, Hamilton, Levin & Weissman, LLC
511 Cooper Street
Camden, New Jersey 08102
      Attorney for Plaintiff

Kevin G. Dronson, Esquire
Kent & McBride, PC
1040 Kings Highway North, Suite 403
Cherry Hill, New  08034 Jersey
      Attorney for Defendants

**BUMB,** United States District Judge:

**I.   Introduction**

   This matter comes before the Court on (1) a motion by Defendants, DVCC Services Corporation, formerly known as Predco Services Corporation ("DVCC"), McElroy Catchot Winch Company ("McElroy Catchot") and McElroy Machine & Manufacturing Company, Inc. ("MMMC"), to dismiss the complaint filed by Plaintiff Luis

1

Beltran Flores ("Plaintiff")[1] [Dkt. No. 3.]; and (2) a motion by Plaintiff to transfer the case to the Southern District of Texas. The Court has reviewed the papers submitted in connection with this matter.  The Court also heard oral argument on March 1, 2011.  For the following reasons, both motions are denied.

**II.  Background**

    **A.  Factual Background**

The parties do not dispute the facts relevant to the pending motions.  Plaintiff was employed as a seaman onboard the M/V "Captain Linwood," a ship engaged in commercial shrimping on the Gulf of Mexico.  On or about January 26, 2006, Plaintiff suffered serious bodily injury while the ship was in Texas waters.  Specifically, his dominant, right arm was torn off above the elbow.

    **B.  Procedural Background**

        **1. Texas Trial Court**

On January 3, 2007, Plaintiff filed suit in Texas state court against the M/V Captain Linwood, Linwood Trawlers, Inc., Dolby Linwood, Ocean Marine, Inc. and McElroy Catchot.  McElroy Catchot filed a special appearance and motion to dismiss, arguing that the Texas court lacked personal jurisdiction.

On December 17, 2007, Plaintiff filed an amended complaint

---

[1] At oral argument, Plaintiff voluntarily dismissed his complaint against McElroy Catchot.

adding Defendants MMMC and DVCC.  In his amended pleading, Plaintiff alleged that a winch that was designed, manufactured, assembled and sold by Predco Services Corporation, as a successor-in-interest to McElroy Catchot, later known as DVCC, caused his injury.  Like McElroy Catchot, MMMC and DVCC filed special appearances and motions to dismiss on February 5, 2008, arguing that the Texas trial court lacked personal jurisdiction over these entities.[2]  Plaintiff filed an opposition brief on March 20, 2008.

On May 14, 2008, the trial court held a hearing on the motions to dismiss.  Two weeks later, on May 21, 2008, the trial court entered an order setting a November 3, 2008-trial date.  On August 7, 2008, without a written opinion, the trial court issued an order denying the motions to dismiss filed by MMMC and DVCC.

---

[2]     DVCC and MMMC also filed "supplemental special appearances," asserting that:  (1) MMMC was originally incorporated under the laws of Mississippi and was never incorporated under the laws of Texas; (2) MMMC merged into DVCC in 1999; (3) DVCC was formerly incorporated under the laws of New Jersey and was never incorporated under the laws of Texas; (4) DVCC was terminated by corporate dissolution in 2007; (5) neither MMMC nor DVCC were registered as a business organization with the Texas Secretary of State, and neither entity owned, operated or managed a place of business, branch office or division in Texas; (6) MMMC and DVCC never owned real property in Texas and never paid corporate income tax; (7) none of MMMC or DVCC's officers or directors were residents of Texas and never paid Texas corporate income tax; (7) none of MMMC or DVCC's officers or directors were residents of Texas; and (8) any business relationships between MMMC and DVCC and any Texas corporation comprised significantly less than one percent of the total business conducted by MMMC during the relevant time period.

On August 24, 2008, again without a written opinion, the trial court granted McElroy Catchot's motion to dismiss.

### 2. Texas Appeals Court

Defendants MMMC and DVCC filed an interlocutory appeal from the trial court's order on August 29, 2008. Pursuant to Texas law, the appeal stayed the commencement of trial. See Tex. Civ. Prac. & Rem. Code § 51.014(b). Nonetheless, while that appeal was pending, the parties engaged in protracted discovery, taking Plaintiff's deposition and exchanging expert reports. On October 20, 2008, the trial court entered an order compelling mediation.

Approximately one and one-half years after the trial court denied Defendants' motions to dismiss, on February 11, 2010, the Texas Court of Appeals for the Thirteenth District of Texas reversed the trial court, finding that the Texas courts lacked jurisdiction over MMMC and DVCC, and dismissed Plaintiff's complaint. See McElroy Machine & Mfg. Co., Inc. v. Flores, 2010 WL 466901 (Tex. App. Feb. 11, 2010). Plaintiff filed a motion for rehearing on February 25, 2010, which the Court of Appeals denied on March 18, 2010.[3]

### 3. District of New Jersey Action

Plaintiff filed his Complaint in this Court on March 12, 2010, thirty-one days after the Texas Appeals Court dismissed his

---

3   Plaintiff failed to provide the Court with copies of these documents. At oral argument, the Court permitted the Plaintiff to supplement the record. See Dkt. Ent. 14.

complaint in Texas and six days before the Appeals Court denied his rehearing motion. See Dkt. Ent. 1. Defendants have moved to dismiss, arguing that the Complaint is time-barred. Plaintiff has opposed the motion; Plaintiff has also moved to transfer venue to the Southern District of Texas.[4]

---

[4] D.S.L. & R., Inc., as owner of the F/V Captain Linwood, filed a complaint and petition for exoneration or limitation of liability in the Southern District of Texas on March 10, 2010. See Civil Action No. 10-cv-00048. Plaintiff filed the only claim in that matter on March 11, 2010. See id. Defendants represent that Plaintiff filed two other related matters after the Texas Appeals Court ruled: (1) Flores v. Coastal Marine Equipment, Civ. No. 1:10-cv-00107, filed in the Southern District of Mississippi on March 12, 2010, and (2) Flores v. Ocean Marine, Civ. No. 10-cv-00126, filed in the Southern District of Alabama on March 15, 2010.

On February 3, 2011, the Southern District of Mississippi granted Coastal Marine Equipment's unopposed motion to dismiss on statute of limitations grounds. In granting dismissal, the Court noted that Plaintiff waited four years after his accident to file his complaint in the Southern District of Mississippi. The Court also rejected Plaintiff's argument that 28 U.S.C. § 1367(d) tolled the limitations period. Defendants requested and received permission to enter the District of Mississippi Memorandum Opinion on this Court's docket. See Dkt. Ent. 11.

The action dismissed in the Southern District of Mississippi differs from the instant action in several, key respects. First, and foremost, the Court notes that in failing to oppose Coastal Marine's motion to dismiss, Plaintiff never argued that equitable tolling should apply. Consequently, the District Court in Mississippi never reached this issue. Moreover, by March 12, 2010, when Plaintiff filed his complaints in both the District of New Jersey and the Southern District of Mississippi against DVCC and MMMC and Coastal Marine respectively, the Texas Appeals Court had already ruled that Texas lacked personal jurisdiction over DVCC and MMMC. Plaintiff was thus on clear notice that he faced a jurisdictional problem, which he took active steps to remedy by filing in courts that had personal jurisdiction over these defendants. According to Coastal Marine's brief in support of dismissal, although Coastal Marine entered its special appearance and motion to dismiss on June 11, 2007, the Texas trial court granted Coastal Marine's motion to dismiss on May 13, 2010. See

5

**III. Legal Analysis**

Defendants argue that Plaintiff's claims against DVCC and MMMC are time-barred because Plaintiff failed to bring suit in a court of competent jurisdiction within the three-year limitation period. Plaintiff counters that he is entitled to equitable tolling of the limitations period for three reasons: (1) the state court action against MMMC and DVCC tolled the statute of limitations; (2) the equities favor tolling; and (3) the thirty-day tolling period provided for in 28 U.S.C. § 1367(d) renders his claims timely.[5]

**A.   A Three-Year Limitations Period**

Congress provided a three-year statute of limitations for maritime tort claims seeking damages for personal injury. See 46 U.S.C. § 30106 ("Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."); see also 2-VII Benedict on Admiralty § 85 (2011)

---

Civil Action No. 1:10-cv-00107, Dkt. Ent. 18. By contrast, the trial court denied DVCC and MMMC's motions to dismiss on jurisdictional grounds on August 7, 2008. DVCC and MMMC continued litigating the case for a year and a half until the Appeals Court reversed the trial court in February 2010.
    As for the Southern District of Alabama action, on February 7, 2011, the court ordered Plaintiff to serve Ocean Marine with his complaint or explain his failure to do so. At oral argument, Plaintiff volunteered that he will not prosecute the Alabama action.

[6]   At oral argument, the Court ruled that 28 U.S.C. § 1367(d) did not apply here.

(relying on East River S.S. v. Transamerica Delaval Inc., 476 U.S. 858 (1986), where the Supreme Court determined that products-liability claims are cognizable in admiralty, to conclude that 46 U.S.C. § 30106 should apply to product liability claims).  The parties do not dispute that a three-year statute of limitations period applies.  Given that the limitations period had expired by the time Plaintiff filed his District of New Jersey complaint, the Court turns to the issue of equitable tolling.

    **B.**    **Equitable Tolling**

"The doctrine of equitable tolling stops a statute of limitations period from running after a claim has accrued...." Podobnik v. U.S. Postal Service, 409 F.3d 584, 591 (3d Cir. 2005).  It is the plaintiff's burden to prove that the statute of limitations should be equitably tolled.  See Hartley v. Dorchester Shipbuilding Yard, 1989 WL 1412, at *2 (E.D. Pa.) (citing Churma v. U.S. Steel Corp., 514 F.2d 589, 593 (3d Cir. 1975)), aff'd, 887 F.2d 261 (3d Cir. 1989); see generally Podobnik, 409 F.3d at 591 (recognizing that plaintiff bears the burden of establishing that equitable tolling should apply). Plaintiff urges the Court to toll the limitations period here based on his initiation of a timely suit in Texas.  To support his position, Plaintiff cites Burnett v. N.Y. Central Railroad, 380 U.S. 424 (1965).

In Burnett, the Supreme Court held that equitable tolling could be applied to toll the limitations period for actions arising under the Federal Employers' Liability Act ("FELA"). Id. at 434-35. The Court identified the "basic inquiry" courts need to address when determining whether a limitations period can be equitably tolled: "whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Id. at 427.

Other courts have confronted the tolling issue in the context of Jones Act claims. Relying on Burnett, these courts have generally found that Jones Act claims can be tolled, although many courts have declined to apply the doctrine. See Weathers v. Bean Dredging Corp., 26 F.3d 70, 73 (8th Cir. 1994) (acknowledging the unresolved issue of whether the Jones Act statute of limitations may be tolled but finding no grounds for tolling); Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 267-68 (5th Cir. 1991) (same); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("...we note that even if we were to apply the doctrine of equitable tolling, Covey has failed to demonstrate that she is a proper candidate..."); Ferris v. Veco Inc., 896 F. Supp. 966, 968 (D. Alaska 1995) ("recognizing [that] equitable tolling ha[d] some logic" but concluding that Jones Act limitation period should not be equitably tolled); Walck v. Discavage, 741 F.Supp. 88, 91 (E.D. Pa. 1990) (applying doctrine

to toll Jones Act limitations period); Reynolds v. Logan Charter Service, Inc., 565 F. Supp. 84, 86 (N.D. Miss. 1983) ("We are convinced that under Burnett..., the circumstances in this case warrant the tolling of the statute of limitations of the Jones Act."); Reichert v. Mon River Towing, Civ. Action No. 2:09-cv-1493, 2010 WL 419435 (W.D. Pa. 2010), at *4 ("Even assuming, arguendo, that the limitations period may be tolled...the underlying principles articulated in Burnett would not support tolling the statute of limitations under the facts and circumstances of this case.").

Defendants concede that courts may apply equitable tolling in "certain circumstances," including in admiralty,[6] but correctly assert that courts apply the doctrine sparingly. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (federal courts apply the equitable tolling doctrine "only sparingly"); Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)) ("equitable tolling is only appropriate 'in [ ] rare and exceptional circumstance[s]...'")). Defendants argue that the facts here do not warrant tolling the limitations period.

Thus given that the doctrine of equitable tolling is potentially available, the Court must determine whether tolling

---

[6] At oral argument, Defendants acknowledged, as they must, that there is no precedential authority that prohibits the application of equitable tolling to Jones Act claims.

is warranted here.  As identified in <u>Walck</u>, the Third Circuit has recognized three situations where equitable tolling may apply:

> (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has "in some extraordinary way" been prevented from asserting his rights, or, (3) <u>if the plaintiff has timely asserted his rights mistakenly in the wrong forum</u>.

741 F.Supp. at 91 (quoting <u>Kocian v. Getty Refining & Marketing Co.</u>, 707 F.2d 748, 753 (3d Cir. 1983)) (emphasis in original).

The Supreme Court's decision in <u>Burnett</u> would fall within this latter category.  There, the Court held that where a plaintiff pursued a state court action that was dismissed for improper venue, the doctrine of equitable tolling applied to render a subsequently filed federal action timely.  380 U.S. at 435-36.  In so holding, the <u>Burnett</u> Court recognized:  (1) the plaintiff did not "sleep on his rights" but brought a timely state court action; (2) the plaintiff served defendants with process such that the defendants were aware of plaintiff's claims; and (3) the defendant had previously waived venue objections, permitting other claims to proceed in state court.  <u>Id.</u> at 429.  The <u>Burnett</u> Court further recognized that the plaintiff failed to file his action in federal court "not because he was disinterested, but solely because he felt that his state action was sufficient."  <u>Id.</u>  Moreover, the defendant "could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursing his...remedy...."  <u>Id.</u> at 429-30.

Defendants urge this Court to read Burnett as limited to its facts, i.e., that tolling should apply only where a plaintiff's case is dismissed for improper venue, and not for lack of jurisdiction. The Court is not persuaded, however, that the Third Circuit has construed Burnett so narrowly. The court in Reichert acknowledged that "[t]here is no definitive Third Circuit precedent" as to whether the Burnett analysis applies only where the plaintiff's timely state court action was dismissed due to improper venue. 2010 WL 419435, at *3. Rather,

> In School District of City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981), the Court of Appeals commented that "later Supreme Court cases imply that Burnett should be narrowly read." On the other hand, in La Vallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Commission, 866 F.2d 616, 626 (3d Cir. 1989), the Court of Appeals cited Burnett for the more expansive proposition that "by filing within the statutory time period, petitioner exercised proper diligence to merit tolling of [the] statute."

Id.

Nor is the Court persuaded by Defendants' argument that tolling should not apply where a case is dismissed on jurisdiction grounds. First, the Court notes the exceptional circumstance here, that is, that the Texas trial court held that it did have personal jurisdiction over the Defendants. Although the Appeals Court eventually concluded otherwise, the parties litigated for almost a year and a half as though Plaintiff had brought his action in a court of competent jurisdiction.

Moreover, most of the cases Defendants cite for the

proposition that dismissals for lack of jurisdiction will not toll limitations periods involved state court dismissals of claims over which federal courts held exclusive jurisdiction.[7] The Court finds these cases distinguishable from the case at bar. Unlike a dismissal for personal jurisdiction, which requires a court to consider the defendant's contacts with the forum state and engage in a due process analysis, a court need look only to the applicable statute to determine whether Congress granted subject matter jurisdiction over such claims.  The court's lack of subject matter jurisdiction would be apparent from the statute's plain language.  Thus, arguably, equity would not favor tolling where a plaintiff negligently filed in the wrong forum. This is different from a plaintiff who mistakenly believed that a court had personal jurisdiction over a defendant-even more so where a trial court agreed with the plaintiff that it did have jurisdiction.

    Finally, the Court is not persuaded that the Eleventh

---

[7]    U. S. For Use and Ben. of Harvey Gulf Intern. Marine, Inc. v. Maryland Cas. Co., 573 F.2d 245, 247 (5th Cir. 1978) (timely filed state court action did not toll limitations period for claims over which federal court had exclusive jurisdiction); Booth v. Carnival Corp., 522 F.3d 1148, 1152 (11th Cir. 2008) (similarly noting that filing an action in state court over which federal court has exclusive jurisdiction will not toll limitations but otherwise applying equitable tolling to permit claim); Hairston v. Travelers Cas. & Sur. Co., 232 F.3d 1348, 1353 (11th Cir. 2000) (timely filed state court action did not toll limitations period for claims over which federal court had exclusive jurisdiction); Jackson v. Astrue, 506 F.3d 1349, 1358 (11th Cir. 2007) (same).

Circuit cases Defendants cite, which acknowledge that Circuit's precedent of refusing to apply equitable tolling where the state court dismissed an action for lack of jurisdiction, absolutely foreclose tolling.  See <u>Booth</u>, 522 F.3d 1148; <u>Hairston</u>, 232 F.3d 1348; and <u>Jackson</u>, 506 F.3d 1349.  The Eleventh Circuit case that established this precedent, <u>Bailey v. Carnival Cruise Lines, Inc.</u>, itself, considered whether tolling <u>should</u> apply despite the state court's dismissal for lack of jurisdiction:  "there are neither policy considerations in general nor <u>equitable justifications in the facts of this case</u> to warrant holding that federal claims improperly filed in state courts are free from the risk of time bar."  774 F.2d 1577, 1581 (11th Cir 1985)(emphasis added).

The Court also finds Defendants' reliance on <u>Schor v. Hope</u>, unpersuasive.  Civ. No. 91-0043, 1992 WL 22189 (E.D.Pa. 1992).  In <u>Schor</u>, the court held that the dismissal of plaintiff's state court securities action for lack of personal jurisdiction did not toll the limitations period because "filing in [state court] was not adequate to lead to a final judgment without issuance of new initial process."  1992 WL 22189, at *2.  The Court explained:

> Dismissal for lack of personal jurisdiction is not the same as dismissal for improper venue.  Schor argues that considerations of justice can outweigh the policies behind a firm statute of limitations, and that this is especially true where plaintiff "brings his action within the statutory period in a court which due to a procedural technicality lacks power to hear the claim." Pl. Sur-reply Brief at 4.  The court is not

13

>convinced that lack of personal jurisdiction over a party is merely a "procedural technicality." The concept of personal jurisdiction is a fundamental part of due process which Rohner Ryan has not waived.

Id.

The Schor Court, however, acknowledged that "the Supreme Court clearly rejected the application of the doctrine of equitable tolling to § 10(b) claims." Id. at *3 (citing Lampf, Pleva, Lipkind, et al. v. Gilbertson, 501 U.S. 350, 363 (1991)). Thus, Schor is clearly distinguishable from the instant matter, where there is no such clear precedent barring application of the equitable tolling doctrine. In sum, the Court simply cannot conclude that a state court dismissal for lack of personal jurisdiction establishes an absolute bar to applying the doctrine of equitable tolling.

Defendants further contend that equitable tolling cannot apply where a plaintiff lacks a legal basis for pursuing his claim in state court. This Court cannot find that Plaintiff's filing in Texas State Court lacked any legal basis. Indeed, and importantly, the trial court held that the Defendants were subject to in personam jurisdiction. This fact, alone, makes it difficult to conclude that Plaintiff acted unreasonably by filing in Texas. Although the Texas appellate court reversed, the trial court accepted Plaintiff's legal theory for invoking the jurisdiction of the Court.

Defendants further argue that the Texas appellate court's

14

ruling demonstrates that the trial court's decision was patently wrong and the court's lack of jurisdiction was obvious. This Court is not convinced that the jurisdictional issue was so certain. The Appeals Court acknowledged Plaintiff's argument that it was foreseeable that the winch manufactured by DVCC and MMMC would be used in Texas waters. See <u>McElroy Machine & Mfg. Co., Inc. v. Flores</u>, 2010 WL 466901, at *4. Based on this finding, and because DVCC and MMMC "made sales of component parts for winches to a Texas corporation and used sales agents to solicit those sales," the Appeals Court held that DVCC and MMMC demonstrated an intent to serve the Texas market and had purposefully availed themselves of the Texas courts. <u>Id.</u> Holding, however, that foreseeability alone would not end the analysis, the Court concluded that the facts did not demonstrate a substantial connection between DVCC and MMMC's contacts with the forum state and the operative facts of the litigation. <u>Id.</u> ("Although appellants sold component winch parts to a Texas corporation and at one time solicited sales to that corporation, these sales are not substantially connected to the operative facts of this litigation. ...[W]e conclude that appellants' sales in Texas were too attenuated to satisfy specific jurisdiction's due process concerns.").

   This case is therefore distinguishable from <u>Reichert v. Mon River Towing</u>, where the court found equitable tolling

inapplicable because the plaintiff's filing in Ohio was unreasonable:

> ...it was not reasonable for Plaintiff to have initiated this lawsuit in an Ohio state court. The case involves a Pennsylvania plaintiff, a Pennsylvania defendant, and an accident that occurred in Pennsylvania, over 50 miles from Ohio. There is absolutely no connection to Ohio-the accident did not even occur on the Ohio River.

2010 WL 419435, at *3. The facts here more closely mirror those in Walck v. Discavage, where the court held that plaintiff's maritime tort action, which was dismissed for lack of in personam jurisdiction, did toll the statute of limitations. 741 F.Supp. at 91.

The Walck court relied on the Sixth Circuit's holding that tolling could apply "when 'there exists a reasonable legal theory for invoking the jurisdiction of that court.'" Id. (quoting Fox v. Eaton Corp., 615 F.2d 716, 719 (6th Cir. 1980)). Applying that rationale, the Walck court concluded that the plaintiff acted reasonably by filing in Maryland state court despite Maryland's lack of jurisdiction over the defendant. The court noted, first, that "the plaintiff was not without a reasonable expectation that personal jurisdiction was possible in Maryland and that her suit could be properly commenced there." Id. The Walck court further noted:

> Here, the lack of jurisdiction in Maryland was not certain. Given the close proximity of the Maryland/Delaware border to the Indian River Bay, plaintiff was not unreasonable in believing, in light

>  of her inability to pinpoint the exact location of her voyage, that her injury involved Maryland waters. Thus, plaintiff's filing of her claim in Maryland state court tolled the applicable three year limitations period.

Id.

Again, it is difficult for this Court to find that Plaintiff lacked a reasonable expectation that personal jurisdiction was possible in Texas given the Texas trial court's holding that it did have jurisdiction. Simply said, the lack of personal jurisdiction in Texas was far from certain.

Applying the factors outlined in Burnett, the Court finds that the unique facts here warrant tolling the limitations period. First, Plaintiff timely commenced suit in Cameron County, Texas, and as such, he did not "sleep on his rights." Further, once the appeals court ruled, Plaintiff filed in this District within one month, even though he had filed a motion for rehearing before the appellate court.

Defendants argue that Plaintiff's failure to file a separate suit in a court of competent jurisdiction before the limitations period expired illustrates his lack of diligence and forecloses him from invoking the tolling doctrine. The Court does not agree. Although it is true that a more prudent plaintiff might have acted to protect his rights by filing suit before the limitations period had expired, the record demonstrates reasonableness on the part of Plaintiff. Like the plaintiff in Burnett, Plaintiff here failed

to file his action in federal court "not because he was disinterested, but solely because he felt that his state action was sufficient." 380 U.S. at 429. Once the Texas Appeals Court ruled, Plaintiff filed this action within thirty-one days, even though he had filed a motion for rehearing before the Appeals Court. In other words, upon learning that he could no longer rely on the trial court's decision, Plaintiff promptly filed in a court of competent, undisputed jurisdiction. Importantly, Plaintiff did not wait until he had exhausted all avenues of appellate relief before he filed in this Court. This is not a case where Plaintiff "neglected to avail himself of adequate legal remedies to save his cause of action." Justice v. United States, 6 F.3d 1474, 1483 (11th Cir. 1994).

The Court also finds that Defendants cannot rely "upon the policy of repose embodied in the limitation statute" because they were well aware that Plaintiff "was actively pursing his...remedy...." Burnett, 380 U.S. at 429-30. The record demonstrates that Defendants had notice of Plaintiff's claims within the limitations period, and that the parties have already engaged in significant discovery. See Reynolds, 565 F.Supp. at 86 (quoting Burnett, 380 U.S. at 427)) ("When the original suit was dismissed for lack of sufficient minimum contacts between defendants and the State of Texas, plaintiff immediately filed a motion for reconsideration and filed his action in this court.

18

Under these circumstances the 'policy of repose' designed to protect defendants is certainly outweighed by plaintiff's right to have his claim adjudicated under this 'humane and remedial act.'").

The doctrine of equitable tolling is meant to preserve limitations protections afforded to defendants and yet avoid unfairness to a plaintiff who diligently, but mistakenly, prosecutes his claim in a court that lacks jurisdiction and finds his claim time-barred when he files in a proper jurisdiction. Cf. Island Insteel Systems, Inc. v. Waters, 296 F.3d 200, 205 (3d Cir. 2002). Based on the record before this Court, the extraordinary facts here warrant tolling the limitations period and permitting Plaintiff his day in court.

The Court is mindful, however, that Defendants were faced with circumstances beyond their control that have inured to Plaintiff's benefit. Defendants were summoned into a Texas court that lacked jurisdiction and were directed to litigate their case on an expedited schedule. Although Defendants firmly believed that they would ultimately prevail on their jurisdictional challenge, and ultimately did, the trial court's ruling and management of the case gave Plaintiff an equally firm conviction that Plaintiff was correct in filing his action in Texas. Moreover, because Defendants were required to forge ahead with discovery, given the trial court's holding, and litigated the case

until February 11, 2010, it is hard to see how Defendants have been prejudiced.

**IV.  Conclusion**

In conclusion, the Court holds that Plaintiff shall be permitted to prosecute the within action.  Accordingly, for the foregoing reasons, the Defendants' motion to dismiss is DENIED.  Plaintiff's motion to transfer is DENIED for the reasons set forth on the record.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: March 11, 2011