IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LUIS BELTRAN FLORES,

                Plaintiff,

     v.

PREDCO SERVICES CORP., et al.,

               Defendants.

Civil No. 10-1320 RMB/AMD

**OPINION**

**Appearances:**

James A. Barry, Esquire
Dubois, Sheehan, Hamilton, Levin & Weissman, LLC
511 Cooper Street
Camden, New Jersey 08102
        Attorney for Plaintiff

Kevin G. Dronson, Esquire
Kent & McBride, PC
1040 Kings Highway North, Suite 403
Cherry Hill, New  08034 Jersey
        Attorney for Defendants

**BUMB,** United States District Judge:

I.   **Introduction**

     Defendants, DVCC Services Corporation ("DVCC"), formerly

known as--and Defendants contend improperly pled as--Predco

Services Corporation,[1] and McElroy Machine & Manufacturing

Company, Inc. ("MMMC"), improperly pled as McElroy Machine

---

[1]     The Court thus adopts the entity name DVCC.

Manufacturing Company, ask the Court to reconsider its Opinion and Order denying Defendants' Motion to Dismiss.[2] For the following reasons, the Court denies the motion.

## II.  Background

The Court laid out the relevant factual history in its previous opinion, and need not do so at length here.  The relevant facts are not in dispute.  Plaintiff was employed as a seaman on a ship engaged in commercial shrimping on the Gulf of Mexico.  On or about January 26, 2006, Plaintiff's dominant, right arm was torn off above the elbow while the ship was in Texas waters.  On January 3, 2007, Plaintiff filed suit in Texas state court[3] against several defendants who are no longer part of this litigation, including McElroy Catchot Winch Company ("McElroy Catchot").[4]  Plaintiff later amended the complaint to add DVCC and MMMC, the parties now seeking relief from this Court.  Plaintiff stated claims against DVCC and MMMC for

---

[2]    Plaintiff filed no opposition to Defendants' request for reconsideration.  The Court will not speculate as to why Plaintiff failed to do so.  The Court simply concludes that Plaintiff's failure in this respect, when weighed against his otherwise diligent litigation before this Court and the Texas court, does not cause the Court to reconsider applying the doctrine of equitable tolling.

[3]    Because Plaintiff, a seaman, brought suit under the Jones Act against his employer, Plaintiff was required to file in the district of his employer's residence or principal office, here, Texas.  See 46 U.S.C. § 30104(b).

[4]    Plaintiff voluntarily dismissed his claims against McElroy Catchot at oral argument on Defendants' Motion to Dismiss.

products liability, negligence, misrepresentation and gross negligence.

McElroy Catchot, DVCC and MMMC all filed special appearances and motions to dismiss before the Texas state court, arguing that the court lacked personal jurisdiction over these entities.  On May 14, 2008, the state court held a hearing on the motions to dismiss.  This Court has not been provided with a transcript of this hearing.  On August 7, 2008, without a written opinion, the state court <u>denied</u> the motions to dismiss filed by MMMC and DVCC. On August 24, 2008, again without a written opinion, the state court <u>granted</u> McElroy Catchot's motion to dismiss.[5]

Defendants MMMC and DVCC filed an interlocutory appeal from the state court's order on August 29, 2008.  Approximately one and one-half years after the state court denied Defendants' motions to dismiss, and after the parties had already engaged in discovery, the Texas Appeals Court reversed the trial court, finding that the Texas courts lacked jurisdiction over MMMC and DVCC.  <u>See</u> <u>McElroy Mach. & Mfg. Co. v. Flores</u>, 2010 Tex. App.

---

[5]     Defendants raise the fact that on November 8, 2008, the state court denied a motion to dismiss based on lack of personal jurisdiction filed by the entity Coastal Marine, a defendant not before this Court.  The Texas Appeals Court, however, vacated the trial court's ruling, and on remand another trial court concluded that it lacked personal jurisdiction over Coastal Marine.  As the Court found in its previous opinion, a reasonable inference can be drawn that the state court arrived at different conclusions for its jurisdiction over different defendants because the court conducted an analysis as to each, albeit erroneously.

LEXIS 970 (Tex. App. Feb. 11, 2010).  Plaintiff filed a motion

for rehearing on February 25, 2010, which the Court of Appeals

denied on March 18, 2010.

On March 12, 2010, after the appeals court had issued its

opinion, but before deciding the motion for rehearing, Plaintiff

filed his Complaint before this Court.  See Dkt. Ent. 1.[6]

Defendants responded with a motion to dismiss, arguing that the

limitations period barred Plaintiff's claims.  Defendants now ask

the Court to reconsider its ruling denying this motion.[7]

---

[6]    Plaintiff's Complaint is no model of clarity.  Indeed, he
appears to have copied large swaths from his Texas complaint and
pasted them into the Complaint filed here.  Compare Def. Motion
to Dismiss Br. Ex. C with Dkt. Ent. 1.
     In the instant Complaint, Plaintiff asserted several bases
for this Court's jurisdiction.  Plaintiff's assertion that
diversity jurisdiction exists "because Plaintiff and Defendants
are citizens of different states and the amount in controversy
exceeds $75,000, including interests and costs" is not disputed.
Plaintiff asserts several tort claims against Defendants,
including claims for products liability, negligence, gross
negligence and misrepresentation.  Defendants correctly classify
these claims as "maritime tort claims," arguing for application
of the three-year limitations period stated in 46 U.S.C. § 30106.
     Plaintiff's Complaint also asserts jurisdiction pursuant to
the Jones Act, specifically 46 U.S.C. § 30104, formerly cited as
46 U.S.C. § 688.  Plaintiff's Complaint, however, no longer
states a claim against his employer.  Nonetheless, the same
statute of limitations period applies to both Jones Act claims
and maritime tort claims pursuant to 46 U.S.C. § 30106.  See,
e.g., Jones v. Tidewater Marine, LLC, 262 Fed. Appx. 646, 648
(5th Cir. 2008) (citing 46 U.S.C. § 30106)("The pertinent
statutes of limitations provide that claims under the Jones Act
and general maritime law are time-barred unless commenced 'within
three years from the day the cause of action [arose].'").

[7]    After this Court denied Defendants' motion to dismiss,
Plaintiff, who is a claimant in a bankruptcy action before the
Southern District of Texas, filed a motion with the United States

**III. Standard**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Agostino v. Quest Diagnostics, Inc., 2010 U.S. Dist. LEXIS 135310, at *14-15 (D.N.J. Dec. 22, 2010)(citing Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.2005)). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Id. (citing Bryan, 351 F.Supp.2d at 297).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted).  Reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309,

---

Judicial Panel on Multidistrict Litigation to consolidate these actions and transfer the matter to the Southern District of Texas.  See Dkt. Ent. 24.  The Court was notified that the Panel denied Plaintiff's motion on June 1, 2011.  See id.

314 (D.N.J. 1994).  Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted).  Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if:  (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 U.S. Dist. LEXIS 135310, at *15-16.

## IV.  Analysis

Defendants argue that the Court should reconsider applying the doctrine of equitable tolling to Plaintiff's claims for three reasons:  (1) the Court overlooked case law holding that equitable tolling should not apply where a plaintiff originally filed suit in a court that lacked competent jurisdiction; (2) the Court erred in concluding that the Texas trial court's decision that it had personal jurisdiction over Defendants provided a reasonable basis for Plaintiff's belief that he had filed suit in a court of competent jurisdiction; and (3) the Court overlooked

Plaintiff's failure to take adequate steps to protect his rights once the operative facts relevant to the personal jurisdiction issue were known to Plaintiff.  The Court considers each argument.

A.    "A State Court of Competent Jurisdiction"

The heart of this dispute arises from the language used in Burnett v. New York Central Railroad Company, where the Supreme Court concluded that a plaintiff's initial filing "in a state court of competent jurisdiction," that was later dismissed because of improper venue, operated to toll the Federal Employers' Liability Act ("FELA") limitations period.  380 U.S. 424, 428 (1965).  Defendants argue vigorously that Plaintiff failed to file in a court of "competent jurisdiction" because the Texas Appeals Court held that Texas courts lacked personal jurisdiction over Defendants.[8]  Thus, Plaintiff's timely filing in Texas state court cannot serve to toll the three-year limitations period applicable here.  Defendants further argue that the Court overlooked case law supporting this position, although conceding that "there is an inconsistency in application of the principle of equitable tolling in the United States District Courts...."  Def. Br. at 3.  The Court disagrees that it

---

[8]    Defendants make no argument that the limitations period applicable here is jurisdictional or that the doctrine of equitable tolling is otherwise unavailable to Plaintiff.  Rather, Defendants argue that the facts presented do not warrant application of the doctrine.

overlooked controlling authority; the cases identified by Defendants are distinguishable from, and even contrary to, Defendants' position.

Defendants rely on the Fifth Circuit's decision in United States for Use and Benefit of Harvey Gulf International Marine, Inc. v. Maryland Casualty Co., where the Fifth Circuit held that an otherwise timely filed complaint in state court did not toll a limitations period where federal courts enjoyed exclusive jurisdiction over the claim asserted. 573 F.2d 245, 247 (5th Cir. 1978). In Harvey Gulf, the plaintiff asserted a Miller Act claim, pursuant to 40 U.S.C. § 3133, formerly 40 U.S.C. § 270b, which has a one-year statute of limitations. 573 F.2d at 247; see 40 U.S.C. § 3133(b)(4). The Fifth Circuit noted, however, that "[t]hose circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act." Id. (citing United States for the Use of Celanese Coatings Co. v. Gullard, 504 F.2d 466 (9th Cir. 1974); United States for the Use and Benefit of General Dynamics Corp. v. Home Indemnity Co., 489 F.2d 1004 (7th Cir. 1973); United States for the Use and Benefit of Statham Instruments, Inc. v. Western Casualty & Surety Co., 359 F.2d 521 (6th Cir. 1966); United States for the Use of Soda v. Montgomery, 253 F.2d 509 (3d Cir. 1958)). Limitations periods that are considered

8

jurisdictional are not subject to tolling principles.  See Miller
v. N.J. State Dept. of Corrs., 145 F.3d 616, 617-18 (3d Cir.
1998); see also Holland v. Florida, 130 S.Ct. 2549, 2560
(2010)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89,
95-96 (1990)) ("a nonjurisdictional federal statute of
limitations is normally subject to a 'rebuttable presumption' in
favor 'of equitable tolling.'").

Thus, while the Fifth Circuit surmised in dicta that not
applying the doctrine of equitable tolling was "consonant with
the thesis that, because the right is federal in nature, the
filing of suit in a non-federal jurisdiction does not toll the
statute," the Circuit Court was not presented with the question
presented here.  Harvey Gulf, 573 F.2d at 247.  Here, pursuant to
the savings-to-suitors clause, the Texas state courts had subject
matter jurisdiction over Plaintiff's maritime tort claims.  See
28 U.S.C. § 1333; Offshore Logistics, Inc. v. Tallentire, 477
U.S. 207, 221-223 (1986) ("...the 'saving to suitors' clause
allows state courts to entertain in personam maritime causes of
action, but in such cases the extent to which state law may be
used to remedy maritime injuries is constrained by a so-called
'reverse-Erie' doctrine which requires that the substantive
remedies afforded by the States conform to governing federal
maritime standards.").  This case is unlike Harvey Gulf, where
the plaintiff filed a complaint before a state court that lacked

subject matter jurisdiction.  The Court simply does not find
Harvey Gulf helpful in resolving the issue presented here:
whether tolling should apply where a state trial court held that
it was a court of competent jurisdiction and an appeals court
later disagreed.

Defendants also urge the Court to consider precedent in the
Eleventh Circuit.  The Court finds these cases distinguishable
from, and even helpful to, Plaintiff's case.

In Booth v. Carnival Corporation, the Eleventh Circuit
affirmed the district court's holding "that the limitation period
was subject to equitable tolling during the pendency of the
plaintiff's parallel suit in a state court of competent
jurisdiction."  522 F.3d 1148, 1149 (11th Cir. 2008).  In Booth,
the plaintiff estate filed a wrongful death action in state court
before the contractual limitation period on the decedent's cruise
ticket expired.  Id.  The plaintiff also filed an identical
action in federal district court after the limitations period
expired, which the district court administratively terminated
pending the outcome in state court.  Id. at 1149-50.  Carnival
moved to dismiss in state court, arguing application of a federal
forum selection clause, but the trial court held that Carnival
had waived the venue issue.  Id. at 1150.  The appellate court
reversed, dismissing the state court action and causing the
federal suit to be reopened.  Id.  The district court then

rejected Carnival's argument for dismissal based on the expiration of the contractual limitations period.  Id.  Upon review, the Eleventh Circuit affirmed "[b]ecause the state court possessed subject matter jurisdiction over Booth's claim, and because the state court dismissed the claim merely on grounds of improper venue," further noting that "Booth's filing and diligent prosecution of his state-court suit suffices to equitably toll the contractual limitation period in his federal suit."  Id.

Indeed, although Defendants argue for a different outcome, the facts presented in Booth are closely analogous to those presented here.  In both cases, the plaintiffs filed timely suits in state court.  And in both cases, the trial court concluded that it was a "court of competent jurisdiction," only to be reversed on appeal.  Defendants would argue, of course, that the key distinction between the cases is that the plaintiff in Booth filed a protective suit in federal court, something Plaintiff did not do here.  But the Court is reluctant to hold that a plaintiff, who is diligently litigating his case with the imprimatur of the trial court, should be required to file a parallel, protective suit in federal court, subject to administrative termination, just in case an appellate court should reverse the trial court's finding of jurisdiction.[9]  And

_____

[9]     The Court is mindful that the Eleventh Circuit noted that the plaintiff in Booth filed a protective federal suit four months after Carnival raised the improper venue objection,

to the extent that Defendants seek to distinguish <u>Booth</u> as
involving a dismissal based on improper venue, as opposed to
dismissal based on lack of personal jurisdiction, the Court does
not find this distinction dispositive of the tolling issue.
Rather, like this Court, the Eleventh Circuit considered that
"Booth <u>initially</u> timely filed suit in a state court of competent
jurisdiction." <u>Id.</u> at 1152 (emphasis added). And Plaintiff
here, like his counterpart in <u>Booth</u>, "in no way slept on his
claims." <u>Id.</u>

Like the plaintiff in <u>Booth</u>, who presumably moved to re-open
his federal action upon the dismissal of the state court action,
Plaintiff filed suit in this District within a matter of days
after his state court dismissal. Defendants were well aware of
Plaintiff's claims within the applicable limitations period. <u>See
id.</u> Thus, "[t]he underlying policy of repose, reflected in
the...limitation period, and designed to assure fairness to
[Defendants], is not violated by equitable tolling in this case.
To the contrary, the interests of justice are best served here,
as in <u>Burnett</u>, by allowing the parties' to resolve [Plaintiff's]
claims on the merits." <u>Id.</u> Upon careful review of the unique
history of this case, this Court reaches the same conclusion.

---

again, something Plaintiff did not do here. <u>See</u> <u>Booth</u>, 522 F.3d
at 1153. But given that the selection clause in <u>Booth</u> designated
a federal forum, dismissal seems to have been far more certain in
that case than this one, whose ultimate disposition required an
analysis of Defendants' contacts with the forum state.

Nothing in <u>Hairston v. Travelers Cas. & Sur. Co.</u>, 232 F.3d 1348 (11th Cir. 2000), or <u>Jackson v. Astrue</u>, 506 F.3d 1349 (11th Cir. 2007), cases decided by the Eleventh Circuit before <u>Booth</u>, causes this Court to reach a different conclusion.  Like in <u>Harvey Gulf</u>, the court in <u>Hairston</u> held that tolling did not apply where the plaintiff's timely filed state action was dismissed because federal courts held exclusive jurisdiction over claims brought pursuant to National Flood Insurance Program.  <u>See</u> 232 F.3d at 1353.

Similarly, in <u>Jackson</u>, the plaintiff sought to challenge the denial of her application for social security by filing a <u>pro se</u> complaint in state court.  506 F.3d at 1352.  The state court dismissed for lack of subject matter jurisdiction.  <u>Id.</u>  By the time the plaintiff had re-filed in federal court, the limitations period had expired.  The Eleventh Circuit affirmed the District Court's grant of a motion to dismiss the complaint as untimely, finding no "extraordinary circumstances" to justify tolling.  <u>Id.</u> at 1358.  Key to the Circuit's decision was not only that the plaintiff could show no affirmative misconduct on the part of the defendant Commissioner, but that plaintiff "was clearly notified that she was obligated to commence suit in federal district court.  And to the extent she filed suit in a state court, that court was without jurisdiction to entertain her claim."  <u>Id.</u>

Here, Plaintiff was not obligated to file in federal court.

He filed in Texas because his employer resided there, see 46
U.S.C. § 30104(b), and later joined other parties, including
Defendants. But given the Texas trial court's finding that
jurisdiction was proper, and unlike the exclusive jurisdiction
cases discussed above, Plaintiff here received no clear
indication that he was litigating in the wrong court.  Indeed,
akin to the Booth plaintiff, Plaintiff here obtained a court
ruling confirming his belief that he was before a court of
competent jurisdiction.

Defendants also identify Schachter v. Curnard Line Limited,
as supporting their position.  2009 U.S. Lexis 122017 (S.D.Fl.
Dec. 31, 2009).  There the plaintiff filed suit in state court
prior to expiration of the applicable limitations period.  Id. at
*3.  The state court dismissed, citing the forum selection clause
on the plaintiff's passenger ticket.  Id.  The plaintiff then
"sat on his rights for eight months following the dismissal of
his suit in state court."  Id. at *7.  This fact led the Court to
conclude that "[p]laintiff has not pursued his rights with the
proper diligence exhibited by the plaintiffs in Booth and
Burnett, and the policy of repose would be undermined were
[p]laintiff allowed to revive his claim...."  Id.  Here, in stark
contrast, Plaintiff filed suit within days of his state court
dismissal.  Moreover, Defendants were not only well aware of
Plaintiff's claims, they were actively litigating the case within

the limitations period.

Finally, Defendants rely on <u>Schor v. Hope</u>, Civ. No. 91-0443, 1992 U.S. Dist. LEXIS 1083 (E.D. Pa. Feb. 4, 1992), as supporting dismissal. There the plaintiff filed a timely suit in the District of New Jersey, which the Court dismissed for lack of personal jurisdiction. <u>Id.</u> at *1. The plaintiff then filed an action in the Eastern District of Pennsylvania after the limitations period had expired. <u>Id.</u> at *1-2. As this Court recognized in its dismissal opinion, the <u>Schor</u> Court rejected the plaintiff's tolling argument, noting important distinctions between a dismissal based on improper venue and that for lack of personal jurisdiction:

> Schor's filing in New Jersey was not adequate to lead to a final judgment without issuance of new initial process. Dismissal for lack of personal jurisdiction is not the same as dismissal for improper venue. Schor argues that considerations of justice can outweigh the policies behind a firm statute of limitations, and that this is especially true where plaintiff "brings his action within the statutory period in a court which due to a procedural technicality lacks power to hear the claim." Pl. Sur-reply Brief at 4. The court is not convinced that lack of personal jurisdiction over a party is merely a "procedural technicality." The concept of personal jurisdiction is a fundamental part of due process which Rohner Ryan has not waived.

<u>Id.</u> at *6-7.

However, the <u>Schor</u> Court also relied on policy considerations specifically relevant to federal securities law, including that "[t]he legislative history in [the Securities Exchange Act of] 1934 makes it pellucid that Congress included

15

statutes of repose because of fear that lingering liabilities would disrupt normal business and facilitate false claims.  It was understood that the three-year rule was to be absolute." Id. at *7 (quoting In re Data Access Sys. Secs. Litig., 843 F.2d 1537, 1546 (3d Cir. 1988)).  The Schor Court further acknowledged that "the Supreme Court clearly rejected the application of the doctrine of equitable tolling to § 10(b) claims." Id. at *8 (citing Lampf, Pleva, Lipkind, et al. v. Gilbertson, 501 U.S. 350, 363 (1991)).

Similar policy concerns do not bar application of equitable tolling here.  Rather, as the Third Circuit concluded in Island Insteel Systems, Inc. v. Waters, the policy considerations relevant here favor tolling.  296 F.3d 200, 217 (3d Cir. 2002). Applying Virgin Islands law, the Circuit Court held that the limitations period for a second action, filed after a dismissal on personal jurisdiction grounds, may be tolled when:

> (1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action.

Id. at 204-05.  The Court found that this test "avoids the unfairness that would occur if a plaintiff who diligently and mistakenly prosecuted his claim in a court that lacked personal jurisdiction were barred under the statute of limitations from promptly refiling in a proper jurisdiction." Id. at 217.  This

Court sees no reason why this same test should not apply to maritime tort claims.  Plaintiff's original action gave Defendants timely notice of the claims asserted.  Defendants have not argued, and the Court does not find, that the lapse of time between the first and second actions will prejudice Defendants. And as the Court previously held, the record does not support any finding that Plaintiff prosecuted his first action in bad faith or lacked diligence in pursuing his claims in this Court.

Thus, to the extent Defendants argue that due process considerations, arising from the Texas court's lack of personal jurisdiction over Defendants, should prevent application of the tolling doctrine, the Court is not persuaded.  Defendants sought, and won, their remedy on this issue in Texas.  The question before this Court is whether the circumstances Plaintiff confronted were sufficiently inequitable to mandate tolling the limitations period.  The Court concludes that, given the unique procedural history here, Plaintiff timely asserted his claims mistakenly in the wrong forum.  See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)

**B.   Timely Asserted in the Wrong Forum**

Defendants fault the Court for failing to conduct a legal and factual analysis, independent of that conducted by the Texas trial court, to determine whether there was a legally recognized basis for jurisdiction over Defendants in Texas.  Def. Br. at 4-

5.  Defendants contend that had the Court undergone this exercise, the Court would inevitably have concluded that Plaintiff's initial filing in state court was unreasonable.  <u>Id.</u> The Court simply does not agree that the issue presented here requires this Court to conduct essentially a <u>de novo</u> review of a state court's decision, particularly where the state appellate court has already performed this function.[10]

---

[10]   Even if the Court were to usurp the Texas Appeals Court's role, and consider the "reasonableness" of the state court's decision, such a review would not be possible on this record. The parties produced no transcript from the trial court's hearing on the personal jurisdiction issue.  Nor did the trial court issue an opinion articulating its reasons for finding Defendants amenable to suit in Texas.

Moreover, this Court acknowledges the long line of cases establishing that federal district courts lack jurisdiction over actions essentially seeking review of state court judgments. <u>See</u>, <u>e.g.</u>, <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 165 (3d Cir. 2010)(citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)) (noting that the Rooker-Feldman doctrine "established the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments").  The Court finds this limiting principle somewhat applicable here, to the extent that Defendants ask this Court to consider the reasonableness of the Texas trial court's holding, rather than the conduct of the litigants themselves.

Thus, the Court is not persuaded by Defendants' argument that "there is simply no record which would allow this court to conclude that the Texas trial court's decision, was in fact based on the appropriate standard."  Def. Br. at 5.  Nor is the Court persuaded by the fact that the trial court reached different conclusions as to whether it had personal jurisdiction over different defendants, even though Defendants contend that such a decision was based on identical facts.  <u>Id.</u>  Defendants pursued, and won, their remedy in the Texas Appeals Court.  The only question here is whether Plaintiff carried his burden of establishing that tolling is appropriate.  The Court concludes that he has.

Rather, when determining whether a particular set of facts warrant application of the equitable tolling doctrine, courts consider the conduct of the <u>parties</u>:

> Equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." <u>Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 240 (3d Cir. 1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." <u>See</u> [<u>Robinson v. Dalton</u>, 107 F.3d 1018, 1022 (3d Cir. 1997)] (applying this test in a Title VII action against the Government). The plaintiff, however, must "exercise due diligence in preserving his claim." <u>Irwin</u>, 498 U.S. at 96.

<u>Hedges</u>, 404 F.3d at 751 (footnote omitted). The Court concluded that Plaintiff met the third prong of this test. The Court further concluded that Plaintiff exercised due diligence by filing his action in this Court within days of the state court dismissal.

In contrast to Defendants' argument concerning the reasonableness of the trial court's decision, Defendants' argument that Plaintiff was on clear notice that he faced a personal jurisdiction problem is more troubling. Defendants rightly point out that, prior to the expiration of the limitations period, Plaintiff was on notice of Defendants' position that their contacts with Texas were insufficient to establish personal jurisdiction. Defendants argue, more specifically, however, that Plaintiff knew that Defendants'

19

"contact with the State of Texas was limited to the sale of deck machinery to one Texas distributor.  There was absolutely no allegation made by plaintiff, and no evidence to suggest, that the products sold to this one distributor were involved in plaintiff's accident." Def. Br. at 7.  Defendants further argue that "plaintiff did not at any time present any legal authority which would support a finding of general jurisdiction...where a party's contact with the forum state represented less than one percent of that corporation's sales." Id.

But as the Court noted in its dismissal opinion, it is simply difficult to conclude that Plaintiff acted unreasonably, or otherwise lacked any legal basis for filing in Texas, where a Texas court concluded that it did have jurisdiction over Plaintiff's claim.[11]  Although the Appeals Court eventually reversed, only then can Plaintiff be said to be on clear notice that he mistakenly filed in the wrong forum.[12]  Certainly, given

---

[11]   Defendants also cite Plaintiff's position that the Court should disregard in personam jurisdiction when considering maritime claims as evidence of his unreasonableness.  As the Court made plain at oral argument on this issue, the Court considers Plaintiff's argument totally lacking merit.  The Court is also not persuaded that Plaintiff's untenable position affects the Court's disposition on tolling.

[12]   Defendants also argue that Plaintiff must have been on notice that his claim was subject to dismissal when Defendants filed their Notice of Appeal in August 2008.  Had Plaintiff done so, his claim would have been timely.  Certainly, as this Court has held, filing a protective suit would have been prudent.  But the Court does not find that Plaintiff acted unreasonably by not filing a separate action, given that at least one court, albeit

that the Texas court agreed that jurisdiction did exist over
Defendants, Plaintiff had less notice that he was in the wrong
forum than did the plaintiff in Burnett, "who filed in Ohio
despite the state's venue provisions, which established that
venue could not properly lie in any Ohio county." Booth, 522
F.3d at 1148 (citing 380 U.S. 424).

Similarly, in Walck v. Discavage, the court concluded that
the plaintiff acted reasonably by filing in Maryland state court
despite Maryland's lack of jurisdiction over the defendant, such
that tolling the limitations period was appropriate.  741 F.Supp.
88, 91 (E.D. Pa. 1990).  Noting that the accident at issue
occurred on the Delaware/Maryland border, the Walck court
considered that "the lack of jurisdiction in Maryland was not
certain." Id. at 91.  Defendants aver that this Court's reliance
on Walck is misplaced, arguing that the facts here clearly
demonstrated that Texas lacked jurisdiction over Defendants.  But
again, the Court is left with the dilemma of a Texas trial court
initially finding jurisdiction appropriate in Texas and an
appeals court later finding jurisdiction lacking.  Given this
uncertainty, and despite Defendants' adamance that their contacts

─────────────────────

erroneously, agreed that Defendants' were amenable to
jurisdiction in Texas.  See, e.g., Pabon v. Mahanoy, --- F.3d ---
, 2011 U.S. App. LEXIS 14255, at *45 (3d Cir. July 12, 2011)
(quoting Holland v. Florida, 130 S.Ct. 2549, 2565 (2010))("[t]he
diligence required for equitable tolling purposes is 'reasonable
diligence,' ... not 'maximum feasible diligence.'").

with Texas bore no relationship to the operative facts of this litigation, which Plaintiff vigorously disputed, the Court cannot conclude that Plaintiff bore an <u>unreasonable</u> belief that jurisdiction existed in Texas.  <u>See</u> <u>Walck</u>, 741 F.Supp. at 91 (quoting <u>Fox v. Eaton Corp.</u>, 615 F.2d 716, 719 (6th Cir. 1980))("'tolling is appropriate' even when filed in a court lacking jurisdiction, when 'there exists a reasonable legal theory for invoking the jurisdiction of that court.'").

At heart, the wrong that the Defendants identify is the violation of their due process rights, given Defendants' minimal contacts with Texas.  Defendants appropriately pursued their proper remedy through the Texas Appeals Court.  But during this time period, not only were Defendants aware of Plaintiff's allegations, they were actively litigating his claims.  Thus, despite the lengthy procedural history of this case, Defendants would not be forced to litigate stale claims.  As articulated in <u>Booth</u>, where Defendants are made well aware of Plaintiff's claims within the limitations period, the policy of repose is not violated.  The balance of equities here tips in Plaintiff's favor.

### C.   Due Diligence

Defendants further argue that the Court overlooked Plaintiff's failure to take adequate steps to protect his rights once the operative facts relevant to the personal jurisdiction,

which were known to Plaintiff in early 2008.  To support their position, Defendants rely on Irwin, where the Supreme Court held that "the principles of equitable tolling ...do not extend to what is at best a garden variety claim of excusable neglect." 498 U.S. at 96.  In short, Defendants argue that Plaintiff's lack of foresight regarding dismissal of his complaint on personal jurisdiction grounds is akin to excusable neglect.  The Court does not agree.  The facts here more closely mirror those in Burnett; Plaintiff here failed to file his action in federal court "not because he was disinterested, but solely because he felt that his state action was sufficient."  380 U.S. at 429. Upon receiving clear direction from the Texas Appeals Court that he had filed in the wrong forum, Plaintiff promptly filed in a court of competent, undisputed jurisdiction.[13]  See, e.g., Pabon, 2011 U.S. App. LEXIS 14255, at *45 (noting that equitable tolling requires "reasonable diligence," not "maximum feasible diligence").

The Court simply does not agree that its acknowledgment that a more prudent plaintiff would have filed a protective suit in a court of competent jurisdiction prior to the expiration of the limitations period compels a finding that Plaintiff lacked

---

[13]     Moreover, as noted in this Court's previous opinion, Plaintiff did not wait until he had exhausted all avenues of appellate relief before he filed in this Court.  He filed his complaint in this court prior to resolution of his motion for rehearing.

diligence.  Indeed, after this Court issued its Opinion, the
Third Circuit voiced the same concerns.  See Pabon, 2011 U.S.
App. LEXIS 14255, at *45.  To the contrary, the record reflects
that both parties have actively litigated this case.  Plaintiff
filed suit in this Court within one month of his dismissal from
state court.  The Court finds that Plaintiff acted with due
diligence, thus preserving his claims.

### D.   Certification Pursuant to 28 U.S.C. § 1292(b)

Defendants urge the Court to certify its Order for immediate
appeal pursuant to 28 U.S.C. § 1292(b).  This section "imposes
three criteria" for certification:  "[t]the order must (1)
involve a 'controlling question of law,' (2) offer 'substantial
ground for difference of opinion' as to its correctness, and (3)
if appealed immediately 'materially advance the ultimate
termination of the litigation.'"  Katz v. Carte Blanche Corp.,
496 F.2d 747, 754 (3d Cir. 1974).  The Court's decision to
certify an order is completely discretionary, "even if the
criteria are present."  Bachowski v. Usery, 545 F.2d 363, 368 (3d
Cir. 1976), overruled in part on other grounds, Local No. 82
Furniture & Piano Moving v. Crowley, 467 U.S. 526 (1984).
Indeed, certification "should be sparingly applied," issuing
"only in exceptional cases where an intermediate appeal may avoid
protracted and expensive litigation and is not intended to open
the floodgates to a vast number of appeals from interlocutory

orders in ordinary litigation." <u>Milbert v. Bison Laboratories, Inc.</u>, 260 F.2d 431, 433 (3d Cir. 1958).

Defendants urge the Court to certify its March 11, 2011 Order, arguing that the Third Circuit has not yet ruled with regard to whether equitable tolling is available "under these circumstances." Def. Br. at 16. Defendants bear the heavy burden "of persuading the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." <u>Krishanthi v. Rajaratnam</u>, Civ. No. 09-05395, 2011 U.S. Dist. LEXIS 53470, at *9 (D.N.J. May 18, 2011)(quoting <u>Morgan v. Ford Motor Co.</u>, 06-1080, 2007 U.S. Dist. LEXIS 5455, at *20 (D.N.J. Jan. 25, 2007)).

"In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal." <u>In re Schering-Plough Corp.</u>, Civ. No. 08-0397, 2010 U.S. Dist. LEXIS 61397, at *12 (D.N.J. June 21, 2010) (quoting <u>Schnelling v. KPMG LLP</u>, Civ. No. 05-3756, 2006 U.S. Dist. LEXIS 34915, at *6 (D.N.J. May 31, 2006)). Said differently, the issue must be "one that is 'serious to the conduct of the litigation, either practically or legally ... [a]nd on the practical level, saving of time of the district court and of expense to the litigants.'" <u>Smith v. Honeywell Intern. Inc.</u>, Civ. No. 10-3345, 2011 U.S. Dist. LEXIS 51854, at

*7 (D.N.J. May 13, 2011)(quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001) (citations omitted)).  Certainly, the equitable tolling issue presented here is a difficult question which, if erroneously decided, could result in reversible error.

But application of equitable tolling does not involve a pure legal question; it presents a mixed question of law and fact. See In re Community Bank of Northern Virginia, 622 F.3d 275, 293-94 (3d Cir. 2010) (recognizing that application of equitable tolling as to putative class members' claims presented "an individual question of law and fact"); Haley v. Hendricks, 83 Fed.Appx. 452, 454 n.2 (3d Cir. 2003)("We note that the issue of whether a court should equitably toll an AEDPA statute of limitations is not a pure question of law.").  As the Third Circuit articulated in Becton Dickinson & Co. v. Wolckenhauer, when considering tolling, courts must resolve "two distinct questions: [c]an the time limitation in [the applicable statute] be equitably tolled and, if so, do the facts of this case give rise to a situation in which the time limitation in [the statute] should be equitably tolled?"  215 F.3d 340, 341 n.1 (3d Cir. 2000).

Defendants have never argued that the applicable statute here, 46 U.S.C. § 30106, cannot be equitably tolled.  Indeed, Defendants conceded this issue.  See Flores v. Predco Services

Corp., Civ. No. 10-1320, 2011 U.S. Dist. LEXIS 25588, at *11 (D.N.J. Mar. 11, 2011). Rather, this dispute centers on whether tolling should apply under the peculiar circumstances here, i.e., where an appellate court reverses a trial court's determination that personal jurisdiction exists over a defendant. To resolve this question, inevitably, the Court must engage in some level of fact-finding. Surely, this is why "[a]pplication of th[e] equitable tolling doctrine, like most equitable doctrines, is committed to the discretion of the district court in the first instance." Island Insteel Sys., Inc., 296 F.3d at 205.

Thus, given the infusion of fact-finding in the legal question presented here, the Court finds certification inappropriate. "Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." Steel Partners II, L.P. v. Aronson, Civ. No. 05-1983, 2006 U.S. Dist. LEXIS 92772, at *6 (D.N.J. 2006) (quoting Hulmes v. Honda Motor Co. Ltd., 936 F.Supp. 195, 210 (D.N.J. 1996)); see also Krishanthi, 2011 U.S. Dist. LEXIS 53470, at *10 (declining to certify where defendants "challenge the sufficiency of the facts alleged, and the application of the legal standard to the facts at issue; thus, Defendants' argument by necessity involves an interplay of facts and law, and such matters are within the

discretion of this Court."). Defendants' argument that tolling

is not available under the "circumstances" here necessarily

involves an element of fact finding by the district court. The

Court thus concludes that Defendants have failed to establish

that the issue here "exclusively concerns [a] controlling

question[] of law." Krishanthi, 2011 U.S. Dist. LEXIS 53470, at

*10.

The Court further questions Defendants' representation that

there is a substantial difference in opinion on the tolling

issue. As discussed, supra, the Court finds the Fifth and

Eleventh Circuit precedent cited by Defendants are clearly

distinguishable from the issue presented here. Moreover, the

Third Circuit has addressed the question of tolling in the

context of a dismissal based on lack of personal jurisdiction,

albeit not in the context of maritime law. See Island Insteel,

296 F.3d at 204-05.

In closing, the Court recognizes that an appeal at this

stage could materially advance the litigation.[14] See Litgo New

Jersey, Inc. v. Martin, Civ. No. 06-2891, 2011 U.S. Dist. LEXIS

31869, at *15 (D.N.J. Mar. 25, 2011)("A § 1292(b) certification

materially advances the ultimate termination of the litigation

---

[14]   The Court notes that the parties engaged in some discovery
while litigating in Texas.  It is not clear at this stage,
however, how much more discovery would be necessary before
Plaintiff's claims could be resolved on their merits.

where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome."). But given the inherent factual nature of the equitable tolling inquiry, the Court declines to certify its Order for immediate appeal.

## IV. Conclusion

Upon careful reconsideration, the Court holds that Plaintiff shall be permitted to prosecute the within action.  Thus, for the foregoing reasons, the Defendants' motion for reconsideration is denied.  The Court further declines to certify its March 11, 2011 Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge


Dated: July 29, 2011