IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUIS BELTRAN FLORES,<br><br>            Plaintiff,<br><br>     v.<br><br> PREDCO SERVICES CORP., et al.,<br><br>            Defendants. | Civil No. 10-1320 RMB/AMD<br><br>**OPINION** |

Appearances:

Louis J. Devoto
Rossetti & Devoto, PC
20 Brace Road, Suite 115
Cherry Hill, NJ 08034

Attorneys for Plaintiff

Kevin G. Dronson
Kent & McBride, P.C.
1040 King Highway North, Suite 600
Cherry Hill, NJ 08034
     -and-
William R. Moye
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1600
Houston, Texas 77056

Attorneys for Defendants


BUMB, UNITED STATES DISTRICT JUDGE:

1

This matter requires the Court to decide, in essence, whether the sins of an attorney should be visited upon his client. Here, those sins are the disturbing criminal conduct of Plaintiff's counsel, Ray Marchan ("Marchan"), who was convicted of bribing former Texas state court judge Abel Limas ("Limas"). Complicating this matter is the fact that this Court previously relied upon Marchan's conduct before Limas in denying Defendants' prior motion to dismiss and allowing the case to proceed.

Defendants DVCC Services Corporation and McElroy Machine & Manufacturing Company ("Defendants") contend that Marchan's criminal conviction calls this Court's prior ruling into question and have moved for reconsideration [Docket No. 45] of this Court's prior Opinion and Order denying Defendants' motion to dismiss [Docket Nos. 15, 16]. For the reasons that follow, this Court concludes that Plaintiff's counsel's criminal should <u>not</u> be visited upon Plaintiff and that counsel's conduct does not warrant reversal of this Court's prior Opinion and Order.

I.  <u>Background</u>

A brief recitation of the facts is appropriate. On January 3, 2007 Plaintiff Luis Beltran Flores ("Plaintiff"), represented by Marchan, filed suit in Texas state court based on injuries he suffered while working as a seaman in the Gulf of Mexico - specifically the loss of most of his right arm. Almost a year

2

later, on December 17, 2007, Plaintiff amended his initial complaint to add claims against the Defendants.  The Defendants moved for dismissal on February 5, 2008 based on lack of personal jurisdiction.  That motion was denied by trial court Judge Limas on August 7, 2008.  However, Defendants appealed Judge Limas' decision and, on February 11, 2010, the Texas Court of Appeals reversed the trial court.  It found that, contrary to Judge Limas' decision, the Texas court lacked personal jurisdiction over the Defendants, resulting in dismissal of Defendants from the case.

    Plaintiff filed suit in this Court on March 12, 2010.  On August 27, 2010, Defendants moved to dismiss arguing that Plaintiff's claims were time-barred.  In an Opinion and Order dated March 11, 2011, this Court concluded otherwise.  The Court found that, although Plaintiff had failed to file this action within the three-year statute of limitations, as required, that failure was excused.  The Court held that the statute of limitations was equitably tolled by Plaintiff's prior timely, but mistaken, filing of the claims asserted here in Texas state court.  It held that Plaintiff's filing, and maintenance of the action, in Texas was reasonable, in large part, because Plaintiff reasonably relied on the decision of the Texas trial court judge, former judge Limas, who had found that the court had personal

jurisdiction over the Defendants.

On March 18, 2011, Defendants moved for reconsideration of the Court's Opinion and Order.  On July 29, 2011, that motion was denied.  On January 27, 2012, Defendants filed a second motion for reconsideration based on its discovery of new evidence, not previously presented to this Court, of a criminal and corrupt relationship between Marchan and Limas. At that time, Defendants informed the Court that Limas had pled guilty to accepting bribes from attorneys and that Marchan had been indicted by a federal grand jury for bribing Limas.

Defendants' reconsideration motion, and this matter, were administratively terminated, on April 3, 2012, to allow for the conclusion of criminal proceedings against Marchan and, at the conclusion of those proceedings, further briefing.[1]  A jury subsequently convicted Marchan of bribing Limas during the time period in which Limas ruled in favor of Plaintiff on personal jurisdiction.  Notably, however, there is <u>no</u> evidence before this Court that: (1) Limas accepted bribes in connection with Plaintiff's claims; or (2) that Plaintiff himself knew of, and/or participated in, Marchan's corrupt relationship with Limas.

II. <u>Standard</u>

---

[1]     The motion, and this matter, are now RESTORED to the calendar.

Because Defendants' motion for reconsideration was filed on January 27, 2012, over 14 days after this Court's initial Opinion and Order of March 11, 2011, and because it is based on newly discovered evidence, this Court construes it as a motion for relief from an order under Federal Rule of Civil Procedure 60(b) and not as a motion for reconsideration under Local Civil Rule 7.1. Porro, Jr. v. New Jersey Meadowlands Commission, 163 F. App'x 154, 156 (3d Cir. 2006)(construing motion for reconsideration as one under Rule 60(b), which authorizes reconsideration based on newly discovered evidence for up to one year after an order); Stroud v. Boorstein, No. 10-3355, 2012 WL 309631, at *3 (E.D. Pa. Jan. 31, 2012)(construing motion for reconsideration as one under 60(b), where it was made more than 14 days after dismissal order, in light of Local Rule 7.1, which provides for 14 days for motions for reconsideration); Smith v. Ruzzo, No. 07-450, 2009 WL 349162, at *2 n. 1 (D.N.J. Feb. 9, 2009)construing motion for reconsideration as one under 60(b) where it was made more than 10 days after order, in light of 10 days time limit provided by local rule for motions for reconsideration); Local Civil Rule 7.1 (providing for 14 days for motions for reconsideration).  While Rule 60(b) allows for reconsideration based on newly discovered evidence (F.R.C.P. 60(b)), as claimed here, it "is a provision for extraordinary

relief and may be raised only upon a showing of exceptional circumstances." Mendez v. Sullivan, No. 12-1821, 2012 WL 2899313, at *2 (3d Cir. July 17, 2012).

III. Analysis

Defendants contend that, in light of the newly discovered evidence described above, Plaintiff's reliance on Limas' decision was unreasonable and, therefore, Plaintiff failed to exercise reasonable diligence in pursuing his claims, as required for equitable tolling, and reconsideration is warranted. Holland v. Florida, 130 S.Ct. 2549, 2565 (2010)(holding that equitable tolling requires the exercise of reasonable diligence).  This Court agrees with Defendants to an extent.  A corrupt relationship between counsel and a judge fatally undermines any claims of reasonable reliance, by counsel, on decisions by the judge in question.  This is true even where, as here, there is no evidence that the corrupt relationship played a role in the outcome in question.  A corrupt relationship between a judge and an attorney broadly contaminates the propriety of a judge's decisions with respect to matters involving the attorney and the reasonableness of the attorney's reliance on those decisions. This Court nonetheless parts company with the Defendants' ultimate conclusion - that equitable tolling is unwarranted - for two reasons.

6

> A. Equitable Tolling Based On Plaintiff's Mistaken Filing in Texas Continues To Be Warranted.

First, equitable tolling continues to be warranted based on Plaintiff's mistaken filing in Texas because Marchan's criminal misconduct does not undermine the reasonableness of <u>Plaintiff's</u> conduct, as claimed by Defendants.

In the analogous attorney negligence misconduct context, the Supreme Court has recognized that serious attorney misconduct that amounted to abandonment would warrant tolling. <u>Holland</u>, 130 S.Ct. at 2564. The Supreme Court reasoned that "[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of the word." <u>Maples v. Thomas</u>, 132 S.Ct. 912, 923 (2012)(citing and quoting <u>Holland</u>, 130 S.Ct. at 2568).

The same logic and common sense dictate the result here. Absent evidence that Plaintiff was aware of Marchan's criminal misdeeds, and there is <u>no</u> evidence of that here, Marchan cannot be said to have been acting as Plaintiff's agent with respect to Marchan's criminal misconduct and, therefore, Plaintiff cannot be held constructively responsible for Marchan's misconduct. Accordingly, while it would have been unreasonable and inexcusable for <u>Marchan</u> to rely on Limas' decision, it would not undermine the reasonableness of <u>Plaintiff's</u> <u>own</u> reliance on it.

### B. Equitable Tolling Is Independently Warranted Based On Marchan's Misconduct.

Second, in addition to equitable tolling being warranted based on Plaintiff's mistaken filing in Texas, it would also be warranted based on Marchan's criminal misconduct.

Though there are no "mechanical rules" in determining whether equitable tolling is warranted, and courts must instead be flexible to ensure that they do equity under the particular circumstance, generally, equitable tolling requires that the plaintiff demonstrate "two elements: (1) that he has been pursuing his right diligently, and (2) that extraordinary circumstances stood in his way." Pabon v. Mahanoy, 653 F.3d 385, 399 (3d Cir. 2011); Holland, 130 S.Ct. at 2566 (quotation and citation omitted)(Alito, J., concurring).  In assessing the former, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 130 S.Ct. at 2565 (quotation and citation omitted).

Here, both elements necessary for equitable tolling are met. First, this Court previously found that Plaintiff pursued his rights with reasonable diligence and, as discussed above, Defendants' new evidence does not disturb this conclusion. Second, it must be the case that Marchan's criminal misconduct would qualify as an extraordinary circumstance based on applicable legal precedent and the facts here. Legally, the

8

Supreme Court has previously recognized that even <u>negligent</u> attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling. <u>Id.</u> at 2564 (2010)(holding that serious negligent attorney misconduct may be an appropriate basis for equitable tolling).  Given that serious negligent conduct may qualify as extraordinary circumstances, and the Court's mandate to do equity, it logically follows that serious criminal attorney misconduct could, and indeed should, also qualify as an extraordinary circumstance warranting equitable tolling.  Factually, but for Marchan's corrupt relationship with Limas, there is no question it would have been reasonable for Plaintiff to rely on Limas' decision.

IV. <u>Conclusion</u>

    For all these reasons, Defendants' motion for reconsideration is DENIED.

                                  <u>s/Renée Marie Bumb</u>
                                  RENÉE MARIE BUMB
                                  United States District Judge

Dated:  <u>November 28, 2012</u>